768 So.2d 595 (2000)
In re Michael BERGERON.
No. 2000-B-1386.
Supreme Court of Louisiana.
September 15, 2000.

*596 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This attorney disciplinary proceeding arises from two counts of formal charges filed by the Office of Disciplinary Counsel ("ODC") against Michael Bergeron, an attorney licensed to practice law in the State of Louisiana, but currently on interim suspension.[1]

UNDERLYING FACTS
In 1992, James E. Still retained respondent to handle a personal injury matter. Subsequently, Mr. Still made several efforts to communicate with respondent regarding the status of his case, but was unsuccessful. Mr. Still ultimately learned respondent had his telephone number disconnected and had vacated his law office. As a result, Mr. Still had to retain new counsel. Despite numerous attempts, Mr. Still and his new counsel were unable to obtain Mr. Still's files from respondent.
On December 1, 1997, eight months from his last communication with respondent, Mr. Still filed a complaint with the ODC. The ODC mailed a certified letter to respondent requesting a response to the complaint. The letter was returned to the ODC with the designation "unclaimed."
The ODC subsequently issued subpoenas on two separate occasions compelling respondent's appearance and production of documents; however, service could not be effectuated on respondent. The ODC made several attempts to locate respondent, but was unable to do so.

DISCIPLINARY PROCEEDINGS

Formal Charges
After investigation, the ODC filed formal charges against respondent, alleging several violations of the Rules of Professional Conduct.[2] When respondent failed to answer the charges, the hearing committee gave the parties time to file written arguments and documentary evidence on the issue of sanctions. The ODC submitted documentary evidence in support of its proposed sanction of disbarment; respondent made no filing.

Hearing Committee Report
After consideration of the evidence, the hearing committee rendered its findings, concluding that respondent violated the professional rules as charged. While it determined there was clear and convincing evidence respondent failed to act with reasonable diligence and promptness, it concluded there was no evidence presented regarding respondent's alleged abandonment of his law practice other than Mr. Still's statement that respondent vacated his office and disconnected his telephone. Moreover, it noted there was insufficient evidence that respondent's conduct caused serious or potentially serious injury to his client.
*597 Relying on the ABA's Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction is suspension.[3] It found respondent's substantial experience in the practice of law (admitted in 1981) to be the only present aggravating factor and the absence of a prior disciplinary record to be the only applicable mitigating factor. Based on these findings, the committee recommended a suspension for a period of one year and one day as an appropriate sanction.
After the hearing committee rendered its recommendation, respondent contacted the ODC and indicated his professional misconduct stemmed from a "nervous breakdown caused by depression." Respondent and the ODC then filed a joint petition for interim suspension with this court "in an effort to protect the public and demonstrate an intent to cooperate with the ongoing investigation." This court granted the motion and placed respondent on interim suspension. In re: Bergeron, 99-1061 (La.6/30/99), 738 So.2d 1052.

Disciplinary Board Report
The disciplinary board concurred in the findings of the hearing committee and agreed the charges were proven by clear and convincing evidence. The board found respondent knowingly and intentionally violated duties owed to his client. Relying on Standard 4.42 of the ABA's Standards for Imposing Lawyer Sanctions and the aggravating and mitigating factors cited by the hearing committee, as well as jurisprudence from this court,[4] the board recommended respondent be suspended for a period of one year and one day.
Neither respondent nor the ODC objected to the board's recommendation.

DISCUSSION
The record clearly supports the disciplinary board's findings that respondent knowingly and intentionally neglected his client's case, failed to communicate with his client, failed to return his client's file and failed to cooperate with the ODC. Based on these facts, we conclude that the one year and one day suspension recommended by the disciplinary board is appropriate.

DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is the decision of the court that Michael Bergeron be suspended from the practice of law for a period of one year and one day. All costs and expenses incurred in these proceedings are assessed to respondent pursuant to Supreme Court Rule XIX, § 10.1.
TRAYLOR, J., would dissent from the order.
NOTES
[1] On June 30, 1999, pursuant to a joint petition filed by the ODC and respondent, this court placed respondent on interim suspension. In re: Bergeron, 99-1061 (La.6/30/99), 738 So.2d 1052. Respondent is also currently ineligible to practice law for his failure to pay his bar dues and disciplinary assessment.
[2] The ODC alleged violations of the following Rules of Professional Conduct: Rule 1.3 (lack of reasonable diligence in representing a client); Rule 1.4 (failure to communicate with client); Rule 1.15 (failure to safely keep client's property separate from the attorney's own property); Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(g) (failing to cooperate with the Committee on Professional Responsibility in its investigation of alleged misconduct).
[3] ABA Standard 4.42(a) provides "suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client."
[4] The board relied on In re: Hollis, 98-0444 (La.6/19/98), 714 So.2d 693 (attorney who accepted a retainer to represent two clients, failed to pursue the case and failed to communicate with his client, was suspended for a period of one year and one day); In re: Kendrick, 98-0623 (La.4/3/98), 710 So.2d 236 (attorney who neglected a legal matter and failed to communicate with his clients was suspended for a period of one year and one day).