*621 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
This attorney disciplinary matter stems from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Melinda Kay Turnage, an attorney licensed in Louisiana, but currently ineligible to practice law.[1]
UNDERLYING FACTS

The Brown Matter

Keith Ray Brown retained respondent in 1998 to represent him in a personal injury matter. After retaining respondent, Mr. Brown alleged he made numerous efforts to contact respondent by telephone and by mail, but was unsuccessful. Mr. Brown then alleged he terminated respondent’s representation and requested on two occasions that she return his file. Respondent failed to comply with her client’s requests.
Subsequently, Mr. Brown filed a complaint with the ODC, indicating he feared that his case may have prescribed due to respondent’s negligence. The ODC forwarded copies of the complaint via certified mail to respondent at her primary and secondary registration addresses. When both letters were returned with the written | ¡¡notation “unclaimed,” the ODC issued a subpoena compelling respondent’s appearance at a scheduled deposition. Respondent failed to appear.

The Fuller Matter

Robert and Maggie Fuller retained respondent in March, 1998 to handle their personal injury and property damage claims stemming from a vehicular accident. The Fullers made an advanced payment to respondent in the amount of $240 for court costs and service fees. After some initial efforts, respondent failed to pursue the matter.
Mrs. Fuller made several efforts to contact respondent via telephone and by mail, but was unsuccessful. In July, 1998, Mrs. Fuller sent a letter to respondent terminating respondent’s legal services and requested the return of her funds and file. Respondent failed to comply.
Subsequently, Mrs. Fuller filed a complaint with the ODC. The ODC forwarded a copy of the complaint by certified mail to respondent’s primary registration address, which was returned with the written notation “unclaimed.” As a result, a subpoena was issued compelling her appearance at a scheduled deposition; however, respondent failed to appear.
*622 DISCIPLINARY PROCEEDINGS

Formal Charges

The ODC filed two counts of formal charges against respondent based on the Brown and Fuller matters. The charges alleged violations of the following provisions of the Rules of Professional Conduct: Rules 1.3 (lack of diligence), 1.4 (failure to communicate), 1.16(a) (failure to properly withdraw from legal representation), |a1.16(d) (failure to protect client interests upon termination of representation), 3.4(c) (failure to comply with tribunal orders), 8.1(b) (failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violating the Rules of Professional Conduct), 8.4(d) (engaging in conduct prejudicial to the administration of justice) and 8.4(g) (failure to cooperate with the ODC).
Respondent failed to file an answer to the formal charges. As a result, the matter was submitted to the hearing committee on documentary evidence only. Other than Mr. Brown’s complaint, the ODC submitted no documentary evidence in that matter. In the Fuller matter, the ODC submitted copies of the letters Mrs. Fuller forwarded to respondent terminating the legal representation and seeking the return of her fee and file, as well as a copy of the receipt for the funds paid to respondent. With regard to the failure to cooperate charges, the ODC presented into evidence the letters forwarded to respondent that were unclaimed, as well as copies of the subpoenas served on respondent. Respondent did not appear nor did she submit any evidence for consideration.

Recommendation of the Hearing Committee

Upon reviewing the documentary evidence, the hearing committee determined respondent violated the professional rules as charged. It found respondent’s failure to respond to her clients’ numerous requests for information was intentional, knowing and ongoing misconduct. It further found respondent’s conduct may have resulted in actual harm to Mr. Brown, because his claims may have prescribed, and to Mr. and Mrs. Fuller, who had been wrongfully deprived of their funds for a substantial period.
As aggravating factors, the hearing committee found the presence of dishonest 14or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of disciplinary proceedings by intentionally failing to comply with disciplinary rules, and refusal to acknowledge the wrongful nature of the conduct. It did not identify any mitigating factors.
As a sanction, the committee recommended respondent be suspended from the practice of law, but did not specify the length of the suspension. The committee further recommended respondent’s reinstatement should be contingent upon submission of a complete accounting and refund of the funds received from the Fullers.

Recommendation of the Disciplinary Board

The disciplinary board adopted the committee’s findings and recommendation in all respects, except with regard to the substantive neglect/lack of diligence charges in the Brown matter.[2] In support, the board found that except for the complaint, the record was devoid of any evi *623 dence supporting Mr. Brown’s allegations. It concluded the complaint, standing alone, was insufficient to prove this portion of the formal charges by clear and convincing evidence.
Despite its rejection of the substantive charges in the Brown matter, the board agreed that respondent’s failure to cooperate in the Brown matter and in the Fuller matter evidenced an “utter disregard for the disciplinary process.” Considering this misconduct together with the other misconduct in the Fuller matter, the board recommended respondent be suspended for a period of one year and one day, as well | Sas ordered to submit a full and complete accounting and refund of any fee due to Mr. and Mrs. Fuller.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
The record supports the disciplinary board’s conclusion that respondent failed to communicate with her clients in the Fuller matter, as well as failing to pursue their case with diligence and failing to refund their files and funds. Likewise, the record demonstrates conclusively that respondent failed to cooperate in the disciplinary investigation of the Brown matter and the Fuller matter. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In cases involving neglect of legal matters combined with failure to cooperate, this court has generally imposed suspensions of one year and one day. See In re Bergeron, 00-1386 (La.9/15/00), 768 So.2d 595; In re Grady, 99-0440 (La.4/9/99), 731 So.2d 878; In re Powers, 98-2826 (La.1/29/99), 731 So.2d 185; and In re Kendrick, 98-0623 (La.4/3/98), 710 So.2d 236. In light of the numerous aggravating 1 ¿factors present in this case, we see no justification for imposing a suspension of less than one year and one day.
Accordingly, we will accept the recommendation of the disciplinary board and suspend respondent from the practice of law for a period of one year and one day. We will further order respondent to make full restitution to the Fullers of any funds received from them.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is the decision of this court that the recommendation of the disciplinary board be accepted. Respondent is suspended from the practice of law for a period of one year and one day. Respondent is ordered to make full restitution to Mr. and Mrs. Fuller. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of the finality of this court’s judgment until paid.

 Retired Judge Robert T. Lobrano, assigned as Justice Pro Tempore, participating in the decision.

. Respondent has been ineligible to practice law since September 4, 1998 due to her failure to pay her bar dues and complete her mandatory continuing legal education obligations.

. This portion of Count I alleged violations of Rules 1.3 (lack of diligence), 1.4 (failure to communicate), 1.16(a) (failure to properly withdraw from legal representation) and 1.16(d) (failure to protect client interests upon termination of representation).