ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Melinda Kay Turnage, an attorney licensed to practice law in Louisiana, but currently suspended. In re: Turnage, 01-1240 (La.6/22/01), 790 So.2d 620 (“Turnage I”).[1] For the reasons assigned, we now suspend respondent from the practice of law for a period of three years, to run concurrently with the suspension imposed in Turnage I.
UNDERLYING FACTS
Sometime prior to 1995, Dorothy Bernard retained respondent to handle a personal injury matter on behalf of her minor daughter. Respondent thereafter failed to *1184 communicate with Ms. Bernard, and she failed to file suit on the minor’s behalf. In 1998, respondent left her law office without completing the representation and without prior notice to her client.
In November 2000, the ODC received a complaint against respondent from Ms. Bernard. Respondent failed to reply to the complaint. The ODC thereafter served respondent with a subpoena compelling her to appear on March 1, 2001 and answer the complaint under oath. Respondent failed to appear.
| .DISCIPLINARY PROCEEDINGS

Formal Charges

Following investigation, the ODC filed one count of formal charges against respondent, alleging that her conduct in the Bernard matter violated the following provisions of the Louisiana Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.16(d) (termination of the representation), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(g) (failure to cooperate with the ODC in its investigation).
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.

Hearing Committee Recommendation

Noting the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Rule XIX, § 11(E)(3), the hearing committee agreed that respondent violated the Rules of Professional Conduct as charged. After consideration of the ODC’s submission in response to the deemed admitted order,[2] the committee concluded that respondent violated duties owed to her client by abandoning her client’s claim and failing to maintain any communication with | .her. She has failed to cooperate with the ODC by refusing to appear in response to an investigatory subpoena and has failed to address the complaint made against her. The committee recognized no mitigating factors, but determined the aggravating factors present include respondent’s prior disciplinary offenses, a pattern of misconduct, bad faith obstruction of the disciplinary proceeding, and indifference to making restitution. Under these circumstances, the committee recommended that respondent be suspended from the practice of law for one year and one day, to run consecutively to the suspension imposed in Tumage I.
The ODC filed an objection to the leniency of the hearing committee’s recommendation.

Disciplinary Board Recommendation

The disciplinary board determined that respondent violated duties owed to her clients, to the legal system, and as a professional. The board further determined that respondent’s conduct was knowing, and she caused injury to her client when she failed to communicate with her and essentially abandoned her practice without notification. Respondent failed to file suit on her client’s behalf and Ms. Bernard was damaged by the loss of her personal injury *1185 claim. Respondent also caused harm to the legal system, particularly the disciplinary process, by her failure to cooperate in the investigation of the matter. She caused needless delay and expense to the system. The baseline sanction for this conduct is a suspension from the practice of law.
The board agreed the record does not support a finding of any mitigating factors, and generally concurred in the aggravating factors cited by the committee. However, the board refused to consider respondent’s prior discipline in Tumage I as an aggravating factor, because the offensive conduct in that matter occurred during the Usame time frame, and involved the same type of misconduct, as the instant matter.[3] The board recognized that under such circumstances, the overall discipline to be imposed should be determined as if both proceedings were being considered simultaneously. Considering the misconduct at issue in Tumage I together with the instant matter, the board concluded the appropriate sanction is a three-year suspension from the practice of law, to run concurrently with the suspension imposed in Tumage I. The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date -of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
The deemed admitted facts in this case establish that respondent has neglected Ms. Bernard’s legal matter, failed to communicate with her client, failed to properly terminate the representation of her client, and failed to cooperate with the ODC in its investigation. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered |Rin light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
As the disciplinary board observed, the misconduct forming the basis of the instant disciplinary proceeding occurred during the same time period as the misconduct at issue in Turnage I. In In re: Vaughan, 01-1948 (La.10/26/01), 801 So.2d 1058, we explained that when a second disciplinary proceeding against an attorney involves misconduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously. See also Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991).
Applying this reasoning, we will consider respondent’s actions in the instant case together with her actions in Tumage I. The misconduct in Tumage I essentially involved neglect of two client matters, as well as failure to cooperate with the ODC. The instant misconduct is similar in na *1186 ture, revealing a disturbing pattern of disregard by respondent for the welfare of her clients. Under similar circumstances, we have imposed lengthy suspensions. See, e.g., In re: Boudreau, 00-3158 (La.1/5/01), 776 So.2d 428 (three-year suspension imposed on an attorney who neglected three client matters, failed to communicate with the clients, failed to account for and return unearned fees, failed to repay student loans, withheld client property, and failed to cooperate with the ODC).
Accordingly, we will suspend respondent from the practice of law for a period of three years, with the provision that this suspension run concurrently with the suspension in Tumage I [4]
_JjjDECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Melinda Kay Turnage, Louisiana Bar Roll number 22879, be suspended from the practice of law for a period of three years. The suspension shall run concurrently with the suspension imposed in In re: Turnage, 01-1240 (La.6/22/01), 790 So.2d 620. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent was suspended by this court for one year and one day in June 2001 for neglecting a client matter, failing to communicate with her client, failing to properly terminate the representation of her client, and failing to cooperate with the ODC in its investigation. Respondent did not seek reinstatement following her suspension, and accordingly, she remains suspended from the practice of law.

. Respondent filed nothing for the hearing committee’s consideration.

. Tumage I involved complaints arising out of respondent’s representation of two clients in 1998.

. As noted, respondent has completed her one year and one day suspension in Tumage I. The effect of our judgment is that respondent may not file an application for reinstatement until two years from the finality of the instant judgment.