*979 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, James E. Kurzweg, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]
FORMAL CHARGES
In March 1991, Ursula and Ralph Holmes retained respondent’s law firm to represent them in a personal injury matter. In January 1992, respondent filed a petition for damages on behalf of his clients, but thereafter he did nothing further in connection with the matter. Moreover, for a period of several years, neither respondent nor his law partner, who also worked on the clients’ file, communicated with Mr. and Mrs. Holmes regarding their case. In November 1999, the trial court dismissed the Holmes’ suit as abandoned due to respondent’s failure to take any steps in the prosecution of the case. Respondent did not advise his clients of his inaction or the dismissal of their case by the court.
In June 2000, Mrs. Holmes filed a complaint against respondent with the ODC. Respondent failed to reply to the complaint, necessitating the issuance of a subpoena to compel his response.
| .DISCIPLINARY PROCEEDINGS
On August 23, 2002, the ODC filed one count of formal charges against respondent, alleging that his conduct violated the following provisions of the Louisiana Rules *980 of Professional Conduct: Rules 1.2 (scope of the representation), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 3.2 (failure to make reasonable efforts to expedite litigation), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(g) (failure to cooperate with the ODC in its investigation).[2]
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

In its report, the hearing committee found the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Rule XIX, § 11(E)(3), and that respondent violated the Rules of Professional Conduct as charged in the formal charges. The baseline sanction for negligent misconduct causing injury or potential injury to a client ranges from a reprimand to a suspension. The committee Ufound no mitigating factors, but determined that two aggravating factors are present, namely prior disciplinary offenses[3] and substantial experience in the practice of law (admitted 1974). Under these circumstances, the committee recommended that respondent be suspended from the practice of law for six months. The committee further recommended that respondent complete at least ten hours of continuing legal education in ethics or professionalism during the period of his suspension.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board found that the deemed admitted facts support the conclusion that respondent neglected the Holmes’ legal matter, failed to communicate with his clients, and failed to expedite litigation, in violation of Rules 1.3, 1.4, and 3.2. The deemed admitted facts also support the conclusion that respondent failed to adequately cooperate with the ODC in its investigation, in violation of Rules 8.1(b) and (c) and 8.4(a) and (g). However, the board concluded that the deemed admitted facts do not support a finding that respondent violated Rule 1.2 (scope of the representation), as charged in the formal charges.
Respondent violated duties owed to his clients, to the legal system, and as a professional. His failure to pursue his clients’ lawsuit resulted in the loss of their claims, and his failure to inform them of the abandonment no doubt caused his clients frustration and added further delay to the resolution of the matter. His fail *981 ure to pursue the lawsuit, allowing it to stagnate on the court’s docket for more than six years, hcaused damage to the court system. His failure to cooperate in the disciplinary investigation placed an unnecessary burden on the system, causing damage to the profession.
Although the facts alleged do not specifically set forth respondent’s state of mind, they suggest respondent knew or should have known that he had failed to take action in the pending lawsuit and that the suit would be subject to dismissal. The board concluded the baseline sanction for respondent’s misconduct is a suspension from the practice of law.
The board concurred in the aggravating factors cited by the hearing committee, and agreed the record does not support any mitigating factors.
Considering the facts and circumstances of this case, particularly respondent’s ineligibility, the board concluded that he should be required to apply for reinstatement prior to resuming the practice of law. Accordingly, the board recommended that respondent be suspended from the practice of law for one year and one day. The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
The deemed admitted facts in this case establish that respondent neglected a legal matter, failed to communicate with his clients, and failed to cooperate with the ODC in its investigation. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
|fiIn determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record reveals respondent neglected and failed to expedite his clients’ legal matter, resulting in their suit being dismissed on grounds of abandonment. His actions caused actual injury to his clients. The baseline sanction for such misconduct is a suspension from the practice of law. In light of the aggravating factors present, and considering the absence of any factors in mitigation, we conclude that a one year and one day suspension is necessary to protect the public, the legal system, and the profession.
Accordingly, we will accept the disciplinary board’s recommendation of discipline.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that James E. Kurz-weg, Louisiana Bar Roll number 7891, be suspended from the practice of law in Louisiana for a period of one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence *982 thirty days from the date of finality of this court’s judgment until paid.

. Respondent has been ineligible to practice law since August 1992 for failure to comply with the mandatory continuing legal education requirement; since'January 1994 for failure to pay the disciplinary assessment; and since September 1995 for failure to pay his bar dues.

. In addition to these rule violations, the formal charges originally alleged that respondent's conduct also violated Rules 1.1(a) (failure to provide competent representation to a client) and 5.1(a)(b)(c) (responsibilities of a partner or supervisory lawyer) of the Rules of Professional Conduct. However, the ODC subsequently dismissed these charges.

. In 1987, respondent was privately reprimanded by the Committee on Professional Responsibility of the Louisiana State Bar Association for neglecting a legal matter.