*746 | ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, John Holt Gaharan, an attorney licensed to practice law in Louisiana but currently inactive.
UNDERLYING FACTS
In November 2003, Lloyd Plummer retained respondent to handle his Chapter 13 bankruptcy. Respondent charged Mr. Plummer $1,500, which was paid through the Chapter 13 plan.
In 2004, respondent advised the Louisiana State Bar Association (“LSBA”) that he wished to assume inactive status.[1] On June 15, 2004, the LSBA placed respondent on inactive status. As a result, respondent was no longer eligible to | ^practice law.[2] However, he did not advise Mr. Plummer of this fact, nor did he file a motion to withdraw from Mr. Plum-mer’s bankruptcy case.
Thereafter, several of Mr. Plummer’s creditors, including the mortgage holder for Mr. Plummer’s home, began attempting to collect debts. Mr. Plummer tried to contact respondent numerous times regarding the matter, without success. According to the bankruptcy court, Mr. Plummer’s case was ultimately dismissed on March 14, 2006.
In February 2006, Mr. Plummer filed a complaint against respondent with the ODC. In a written response to the complaint, respondent admitted that he did not file a motion to withdraw from Mr. Plum-mer’s case, and that he did not communicate with Mr. Plummer “in such a way that he completely understood that I would be unavailable to represent him after June 15, 2004.” The ODC then issued subpoenas to take respondent’s sworn statement; however, respondent informed the ODC that he did not wish to cooperate any further.
DISCIPLINARY PROCEEDINGS
In June 2007, the ODC filed formal charges against respondent, alleging that *747 his conduct as set forth above violated Rules 1.4 (failure to communicate with a client), 1.16(c) (failure to properly terminate the representation of a client), and 8.1(c) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
Respondent was served with the formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the committee’s consideration.

Hearing Committee Repent

After considering the ODC’s deemed admitted submission, the hearing committee adopted as its factual findings the facts set forth in the formal charges. Based on these findings, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Additionally, the committee found that respondent violated Rule 1.16(d) (obligations upon termination of the representation) of the Rules of Professional Conduct.
Specifically, the committee found that respondent was not diligent in representing his client. When respondent went on inactive status with the LSBA, he abandoned his law practice. He failed to properly communicate his status change to his client and did not allow his client time to obtain other legal representation in the bankruptcy proceeding. As a result, the client’s bankruptcy case was dismissed. This harm was directly attributable to respondent’s misconduct. Respondent left his client completely unaware that he had no legal representation and caused him harm. Furthermore, respondent failed to ' cooperate with the ODC in its investigation.
The committee determined that respondent knowingly violated duties owed to his client and the legal profession, causing harm to his client. Relying on the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that the applicable baseline sanction is suspension.
The committee recognized the aggravating factors of bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders |4of the disciplinary agency and vulnerability of the victim. In mitigation, the committee acknowledged that respondent has no prior disciplinary record.
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for two years. The committee also recommended that respondent be required to make restitution to his client for the harm caused by his failure to properly withdraw from the representation.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board found that the hearing committee’s factual findings are supported by the factual allegations asserted by the ODC within the formal charges and/or by the documentary evidence submitted in support of the allegations. The board also found that the factual allegations have been deemed admitted and proven by clear and convincing evidence. The board then determined that respondent violated the Rules of Professional Conduct as found by the committee.
*748 The board, however, disagreed with the committee’s finding that respondent’s neglect caused his client’s bankruptcy case to be dismissed. Instead, the board found that, from the record, it appears the client’s bankruptcy case was dismissed because he failed to make his Chapter 13 repayments. Nonetheless, the board found that respondent’s neglect exposed his client to harm when the client could not obtain timely relief from debt collection efforts because respondent failed to properly withdraw from the representation and properly notify the client of his withdrawal.
lr,The board found that respondent violated duties owed to his client and the legal profession. He knowingly failed to ensure that his client knew he would no longer be able to represent him and knowingly failed to withdraw from the bankruptcy case. Respondent also intentionally failed to cooperate with the ODC. His client suffered potential, if not actual, harm by being subjected to debt collection efforts. The applicable baseline sanction is suspension.
The board agreed with the aggravating and mitigating factors found by the committee. The board also found the additional mitigating factor of inexperience in the practice of law.
Relying upon In re: Bergeron, 00-1386 (La.9/15/00), 768 So.2d 595,[3] the board recommended that respondent be suspended from the practice of law for one year and one day.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 348; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The deemed admitted facts and documentary evidence in this matter support a finding that respondent withdrew from the representation of Mr. Plummer when he assumed inactive status but failed to communicate that fact to his client. He also failed to file a motion to withdraw with the bankruptcy court. As a result, Mr. Plummer was unaware that he was without counsel while his creditors were attempting to collect their debts and foreclose on his home. When Mr. Plummer complained to the ODC about respondent’s *749 conduct, respondent failed to cooperate with the ODC’s investigation, going so far as to inform the ODC he did not want to be bothered by them again. These facts support a finding that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and 17mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent acted knowingly and intentionally in violating duties owed to his client and the legal profession. He caused harm to his client and the disciplinary system. The baseline sanction for respondent’s misconduct is a period of suspension.
The record supports the aggravating factors of bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency and vulnerability of the victim. The sole mitigating factor present is the absence of a prior disciplinary record.
Considering these circumstances, we find that a one year and one day suspension from the practice of law is an appropriate sanction. Accordingly, we will suspend respondent for one year and one day.[4]
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that John Holt Gallar-an, Louisiana Bar Roll number 27471, be and he hereby is suspended from the practice of law for one year and one day, to commence from the finality of this judgment. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. See Supreme Court Rule XVIII, which provides in pertinent part as follows:
Section 3. Application for Transfer to Inactive Status. A lawyer in good standing who has not retired or is not engaged in practice shall advise the Louisiana State Bar Association in writing that the lawyer desires to assume inactive status and discontinue the practice of law. Upon the filing of the notice, the Louisiana State Bar Association shall inform the Court and the lawyer shall no longer be eligible to practice law. A lawyer who is retired or on inactive status shall not be obligated to pay the annual fee imposed by Rule XIX upon active practitioners. A lawyer on inactive status shall be removed from the roll of those classified as active until and unless the lawyer requests and is granted reinstatement to the active rolls.

. To date, respondent has not requested reinstatement to the active rolls.

. In Bergeron, this court suspended an attorney for one year and one day for knowingly and intentionally neglecting a client's case, failing to communicate with the client, failing to return the client’s file, and failing to cooperate with ODC.

. In its recommendation to this court, the board suggested that the suspension not take effect until respondent returns to active status. However, we see no authority to hold the suspension in abeyance pending such an uncertain event. Rather, as in other disciplinary cases, we will make respondent’s suspension effective upon finality of this court’s judgment. While we recognize a suspension of an inactive lawyer is an unusual procedure, the practical effect of this suspension will be to prevent respondent from returning to the active practice of law until he has served his suspension and has satisfied the grounds for reinstatement from this suspension.