ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
|) This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, C. Hearn Taylor, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]
*1005 FORMAL CHARGES
In April 2010, Karen Hyorth consulted with respondent about filing an application for post-conviction relief on behalf of Phillip Schane. During the meeting, Ms. Hyorth paid respondent’s $2,500 fee in full and provided him with Mr. Schane’s legal documents to review and prepare the application. Thereafter, Ms. Hyorth made numerous attempts to contact respondent but was unsuccessful in reaching him. Several months later, respondent finally returned a call to Ms. Hyorth. Mr. Schane then learned respondent had taken no action with regard to the application for post-conviction relief.
In August 2010, Mr. Schane sent a letter to respondent in an effort to provide him with information regarding his case. Respondent failed to respond. In January 2011, Mr. Schane sent a second letter to respondent requesting that his file be returned to his sister, but again, there was no response. In May 2011, Mr. | ¡¡Schane sent a third letter to respondent requesting the return of his legal documents and the $2,500 fee. Once again, respondent failed to respond.
In October 2011, Mr. Schane filed a complaint against respondent with the ODC. After receiving notice of the complaint, respondent delivered to the ODC what purported to be complainant’s file; however, the file consisted solely of documents compiled by Mr. Schane, with no indication that respondent had ever taken any action in the matter. In January 2012, the ODC instructed respondent to provide proof of any steps he had taken on Mr. Sehane’s behalf and evidence of communication or attempts to communicate with Mr. Schane. Respondent did not respond to the ODC’s request.
DISCIPLINARY PROCEEDINGS
In December 2012, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4(a)(3) (failure to keep a client reasonably informed about the status of a matter), 1.4(a)(4) (failure to promptly comply with reasonable requests for information), 1.5(a) (charging an unreasonable fee), 1.15 (safekeeping property of clients or third persons), 1.16(d) (obligations upon termination of the representation), 3.2 (failure to make reasonable efforts to expedite litigation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal | shearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee made factual findings consistent with the factual allegations set forth above. Based on these findings, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee further determined that respondent violated a duty owed to his client, the public, the legal system, and the legal profession. Respondent acted negli *1006 gently, at best. In light of the lack of cooperation exhibited, he acted intentionally and knowingly, as well. The committee found it incredible that in spite of facing a disciplinary complaint, respondent has refused to explain his conduct.
The committee did not recognize any aggravating factors. In mitigation, the committee found the absence of a prior disciplinary record.
Considering the foregoing, the committee recommended that respondent be suspended from the practice of law for one year, with all but sixty days deferred. The committee also recommended that respondent be ordered to refund the $2,500 fee to Mr. Schane.
The ODC objected to the recommended sanction as too lenient.

Disciplinary Board Recommendation

After reviewing the record, the disciplinary board determined that the hearing committee’s factual findings are supported by the factual allegations in the formal charges, which were deemed admitted, and/or by the evidence submitted in | ^support of the allegations. The board also determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board further determined that respondent knowingly, if not intentionally, violated a duty owed to his client. His conduct caused substantial harm to Mr. Schane, who paid respondent $2,500 to complete a specific legal matter, which was not completed. Respondent also refused to communicate with Mr. Schane, failed to do any work on his behalf, and refused to return any portion of the unearned fee. Mr. Schane is incarcerated and is unable to hire another attorney until he and Ms. Hyorth receive a refund from respondent. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that suspension is the baseline sanction.
In aggravation, the board found the following factors: a dishonest or selfish motive, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, substantial experience in the practice of law (admitted 1983), and indifference to making restitution. The board found no mitigating factors are present.
Considering the facts of this case, as well as the jurisprudence of the court, the board recommended that respondent be suspended from the practice of law for one year and one day. The board also recommended that respondent be ordered to refund the $2,500 fee to Mr. Schane. Finally, the board recommended that respondent be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an | .^independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. ■
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, *1007 additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/08), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent neglected a legal matter, failed to communicate with a client, failed to refund an unearned fee, and failed to cooperate with the ODC in its investigation. Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987).
Respondent knowingly, if not intentionally, violated duties owed to his client, the legal system, and the legal profession. His conduct caused actual harm. The baseline sanction for this type of misconduct is suspension. The record | (¡supports the aggravating factors found by the board, and the only mitigating factor present is the absence of a prior disciplinary record.
In cases of misconduct involving one count of neglect, failure to communicate, and failure to cooperate with the ODC, we have typically imposed a one year and one day suspension.[2] Based on these cases, we agree that the one year and one day suspension recommended by the board is appropriate.
Accordingly, we will accept the disciplinary board’s recommendation and suspend respondent from the practice of law for one year and one day. We will also order respondent to repay the $2,500 fee to Ms. Hyorth on behalf of Mr. Schane, plus legal interest.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that C. Hearn Taylor, Louisiana Bar Roll number 2140, be and he hereby is suspended from the practice of law for one year and one day. It is further ordered that respondent shall make restitution of $2,500 plus legal interest to Karen Hyorth on behalf of Phillip Schane. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. On September 19, 2012, respondent was declared ineligible to practice law for failure to pay his bar dues and the disciplinary assessment. He is also ineligible for failure to comply with the mandatory continuing legal education requirements.

. See, e.g., In re: Kurzweg, 03-2902 (La.4/2/04), 870 So.2d 978 (attorney neglected a legal matter, failed to communicate with his clients, and failed to cooperate with the ODC in its investigation; no ” mitigating factors were present, and the aggravating factors included the attorney’s ineligibility to practice law); In re: Turnage, 01-1240 (La.6/22/01), 790 So.2d 620 (attorney neglected a legal matter, failed to communicate with her client, failed to return her client’s file, failed to refund an unearned fee, and failed to cooperate with the ODC in two separate investigations; numerous aggravating factors present but no mitigating factors); In re: Bergeron, 00-1386 (La.9/15/00), 768 So.2d 595 (attorney knowingly and intentionally neglected his client's legal matter, failed to communicate with his client, failed to return his client's file, and failed to cooperate with the ODC in its investigation).