PER CURIAM
11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Toby James Aucoin, an attorney licensed to practice law in Louisiana, but currently ineligible to practice,[1]
FORMAL CHARGES
On July 22, 2014, April Lewis hired respondent to handle the expungement of her criminal record. At that time, Ms. Lewis paid respondent an $800 flat fee. Thereafter, ’Ms. Lewis made several attempts to contact respondent, to no avail. In September 2014, Ms. Lewis contacted the district attorney’s office to inquire about the status of the expungement and learned no action had been takén.
Ms. Lewis then obtained a, copy of the court’s docket to determine the next time respondent was scheduled to appear. She went to court on that date and confronted respondent about the status of her ex-pungement. Later, respondent met with Ms. Lewis for several hours at his office, during which time he told Ms, Lewis he would complete the expungement paperwork and forward it to her within one week. Respondent failed to forward the paperwork to Ms. Lewis as promised, and she made numerous attempts to contact him, to no avail.
lain December 2014, Ms. Lewis filed a disciplinary complaint against respondent. In his response to the complaint, respondent admitted that he failed to communicate with Ms. Lewis. He also included copies of expungement documents he had prepared on Ms. Lewis’ behalf. However, there is no evidence that he took any other *712 action or completed the matter for Ms. Lewis or that he refunded her fee.
DISCIPLINARY PROCEEDINGS
In December 2015, the ODC filed formal charges against respondent, alleging that his conduct, as set forth above, violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 1.16(d) (obligations upon termination of the representation), and 8.4(a) (violation of the Rules of Professional Conduct). Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee determined that the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges. Specifically, the committee found that|s respondent failed to properly communicate with his client, failed to represent her with diligence and promptness and abandoned her and her efforts to have her criminal record expunged, in violation of Rules 1.3, 1.4, and 8.4(a) of the Rules of Professional Conduct. Respondent also collected $800 from Ms. Lewis without taking action, completing the matter, or returning the fee, in violation of Rules 1.5 and 8.4(a). Respondent then terminated that representation without taking steps to the extent reasonably practicable to protect Ms, Lewis’ interests; he did not give Ms. Lewis reasonable notice to allow her time for employment of other counsel; nor did he surrender papers and property to which Ms. Lewis was entitled or refund the advanced payment of fees or expenses that were not earned or incurred, all in violation of Rules 1.16(d) and 8.4(a).
Turning to the issue of an appropriate sanction, the committee stated:
The undisputed facts and exhibits confirm that Respondent violated the most basic duty to handle [Ms. Lewis’] matter diligently and to communicate with [her]. Respondent has demeaned the profession and engaged in conduct prejudicial to the fair administration of justice. ABA Standards and prior jurisprudence support a sanction of suspension from the practice of law for no less than one year and one day.
Accordingly, the committee recommended that respondent be suspended from the practice of law for one year and one day; The committee further recommended that respondent be ordered to make restitution in the amount of $800, plus legal interest from July 22, 2014 until paid, either to Ms. Lewis or to the Client Assistance Fund, as appropriate. Finally, the committee recommended that respondent participate in ethics training.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.
| ¿Disciplinary Board Recommendation
After review, the disciplinary board determined that the factual allegations in the formal charges were deemed admitted and proven. The board also determined that the hearing committee’s additional findings *713 are supported by the record. Based on these findings, the board concluded that the committee correctly applied the Rules of Professional Conduct.
The board then determined that respondent knowingly violated duties owed to his client, causing actual harm. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is suspension.
In aggravation, the board found the following factors: bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with rules or orders of the disciplinary agency, substantial experience in the practice of law (admitted 2004), and indifference to making restitution. The only mitigating factor found by the board was the absence of a prior disciplinary record.
After further considering this court’s prior jurisprudence addressing similar misconduct, a majority of the board recommended that respondent be suspended from the practice of law for one year and one day. The board also recommended that respondent be ordered to pay restitution, plus legal interest, to Ms. Lewis or pay restitution to the Client Assistance Fund. Two board members dissented.
Neither respondent nor the ODC filed an objection to the board’s report and recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has | Bbeen proven by clear and convincing evidence. In re: Banks, 09-1212 (La. 10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La. 1/10/03), 838 So.2d 715.
The evidence in the record of this deemed admitted matter supports a finding that respondent neglected a legal matter, failed to communicate with a client, and failed to refund an unearned fee. Based on these' facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La. 1984).
Respondent knowingly violated duties owed to his client, causing actual harm. We *714 agree with the disciplinary board that the baseline sanction for this type |ñof misconduct is suspension. The record supports the aggravating and mitigating factors found by the board.
In cases of misconduct involving one count of neglect, failure to communicate, and failure to cooperate with the ODC, we have typically imposed a one year and one day suspension. See, e.g., In re: Taylor, 14-0646 (La. 5/23/14), 139 So.3d 1004; In re: Kurzweg, 03-2902 (La. 4/2/04), 870 So.2d 978; In re: Turnage, 01-1240 (La. 6/22/01), 790 So.2d 620; In re: Bergeron, 00-1386 (La. 9/15/00), 768 So.2d 595. Based on these cases, we agree that the one year and one day suspension recommended by the board is appropriate.
Accordingly, we will adopt the board’s recommendation and suspend respondent from the practice of law for one year and one day. We will further order respondent to make restitution, plus legal interest, to his client or repay the Client Assistance Fund, as appropriate.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Toby James Au-coin, Louisiana Bar Roll number 29072, be and he hereby is suspended from the practice of law for one year and one day. It is further ordered that respondent shall make restitution of $800, plus legal interest, to April Lewis or repay the Client Assistance Fund, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent has been ineligible to practice law since June 3, 2016 for failing to comply with mandatory continuing legal education requirements. He is also ineligible to practice law for failing to pay bar dues and the disciplinary assessment and failing to file his trust account disclosure statement.