JOHNSON, C.J.
dissents in part and assigns reasons.
|!While I agree with the majority that respondent violated the Rules of Professional Conduct, I find the sanction imposed, suspending respondent from the practice of law for one year and one day, too harsh based on the facts of this case.
Although respondent admittedly failed to perform the work he was hired to do, there is no evidence respondent’s conduct caused serious or irreparable injury or delay to his client. See, e.g., In re Taylor, 14-0646 (La. 5/23/14), 139 So.3d 1004, 1005 (respondent failed to file an application for post-conviction relief; suspended from the practice of law for one year and one day); In re Kurzweg, 03-2902 (La. 4/2/04), 870 So.2d 978, 979 (client’s suit dismissed as abandoned due to respondent’s failure to take any steps in the prosecution of the case; respondent suspended from the practice of law for a period of one year and one day). Clearly this case, wherein respondent failed to file expungement paperwork, does not rise to the same level of harm as cases wherein litigants lost their legal rights as a result of their cases being prescribed or abandoned.
I fully agree with ordering respondent to make restitution to his client, and I would support ordering respondent to attend additional Ethics training and CLE on office management. However, for the above reasons, I would fully defer the period of suspension imposed.