*456 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
_jjThis disciplinary matter arises from two sets of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Clayton Paul Schny-der, an attorney licensed to practice law in Louisiana.
*457 FORMAL CHARGES
The first set of formal charges, consisting of one count and bearing the disciplinary board’s docket number 02-DB-129, was filed on December 11, 2002. The second set of formal charges, consisting of one count and bearing the- disciplinary board’s docket number 03-DB-064, was filed on September 25, 2003. The two sets were consolidated by order of the hearing committee chair dated October 14, 2003.

02-DB-129

The Ceasor Matter

In November 1999, Kewana Ceasor hired respondent to handle a personal injury matter on a contingency basis. Thereafter, respondent failed to diligently pursue the matter. More specifically, he failed to obtain a settlement or timely file suit on his Ghent’s behalf. Additionally, respondent failed to communicate with Ms. Ceasor about the status of the matter. Several times, respondent told Ms. Ceasor he |j»would call her back after reviewing the file, but he failed to do so. He also did not inform her that he failed to timely file suit.
In January 2002, Ms. Ceasor filed a disciplinary complaint against respondent because of her inability to obtain information from him. Despite receiving notice of the complaint, respondent did not reply to the ODC’s request for information, necessitating the ODC to issue a subpoena in order to obtain his sworn statement. During the sworn statement, respondent admitted that suit was not timely filed.
The ODC alleges respondent’s conduct in this matter violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 3.2 (failure to make reasonable efforts to expedite litigation), and 8.1(c) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.

0S-DB-06U

The Magee Matter

In 1998, Veronica Magee hired respondent to assist her in pursuing an insurance claim following the collapse of her roof. After being retained, respondent failed to answer Ms. Magee’s telephone calls. Because she was unable to obtain information about her case, Ms. Magee eventually retained new counsel.
In addition to the insurance matter, respondent also represented Ms. Magee in two other legal matters. One of these matters involved a lawsuit arising out of an automobile accident, in which Ms. Magee was the defendant. On the day the case was set for trial, Ms. Magee’s sister was killed. Ms. Magee informed respondent she would not be able -to attend the trial. However, respondent failed to file for a 13continuance or appear at the trial on his client’s behalf, resulting in judgment being rendered against Ms. Magee.
In the other matter, respondent represented Ms. Magee in a civil suit filed against a restaurant based on a claim that her car was stolen from the restaurant’s valet parking. Respondent obtained a default judgment for $46,000. However, the defendants moved for and obtained a new trial. Following the grant of the new trial, defendants propounded discovery on Ms. Magee through respondent. When no discovery responses were filed, defendants filed a motion to compel together with a motion to dismiss. The court granted respondent additional time to respond to the discovery, but he failed to do so. As a result, the defendants filed a second motion to dismiss.
Prior to a ruling on the motion to dismiss, respondent and defendants entered *458 into a settlement in the amount of $3,000. Ms. Magee was not present for the settlement and contends she did not authorize respondent to enter into same. Although Ms. Magee refused to accept the settlement funds from respondent, defendants filed a motion to enforce the settlement, which the trial court granted.
The ODC alleges respondent’s conduct in this matter violated Rules 1.2(a) (scope of the representation), 1.3, and 1.4 of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
Respondent failed to answer or otherwise reply to both sets of formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the Rissue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

After considering the ODC’s submissions in response to the deemed admitted order, the hearing committee found the documentary evidence presented by the ODC to be clear and convincing. The committee also determined the factual allegations in the formal charges to be essentially true and correct findings of fact. Based on these findings, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.[1]
The committee determined that in the Caesor and Magee matters, respondent failed to use reasonable diligence in pursuing the legal matters entrusted to him and failed to expedite the litigation. In the Magee matter, it found he failed to expedite litigation consistent with the interests of his client. Finally, it concluded respondent failed to cooperate with the ODC in its investigation.
The committee determined that respondent violated duties owed to his clients and as a professional. He acted negligently and knowingly, causing significant harm to both clients, which could have been avoided. As aggravating factors, it found prior disciplinary offenses[2] and bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency. The committee found no mitigating factors.
| ..¡Considering these findings, the committee recommended that respondent be suspended from the practice of law for one year and six months. The committee further recommended that respondent be assessed with all costs of these proceedings.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board found that the factual allegations alleged in the formal charges were proven by clear and convincing evidence. Based upon these proven facts, the board determined that the hearing committee correctly concluded respondent violated the Rules of Professional Conduct as charged.
*459 Based on a review of the record, the board found that respondent negligently and knowingly violated duties owed to his clients and as a professional. His conduct caused significant harm to his clients and actual harm to the profession. The board adopted the aggravating factors found by the committee and also found the mitigating factor of inexperience in the practice of law, as respondent had been admitted less than five years during the period when most of the misconduct occurred. Relying on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction for respondent’s misconduct is suspension or disbarment.
The board acknowledged that the sanction recommended by the committee is within the range of the ABA’s guidelines for similar misconduct. However, the board determined that the facts and circumstances of this matter, as well as prior jurisprudence,[3] suggest an eighteen-month suspension may be too harsh for 1 ¿respondent's misconduct. Accordingly, the board recommended respondent be suspended from the practice of law for one year and one day. The board further recommended that respondent be assessed with all costs and expenses of these proceedings.
One board member dissented. The dissenting member concluded that because the hearing committee’s recommendation was within the range of acceptable sanctions, the board should not have intervened absent an objection from ODC or respondent. Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow 17from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donman, 01-3058 (La.1/10/03), 838 So.2d 715.
Based on our independent review of the record, we conclude the deemed admitted facts, together with the other evidence in the record, supports the con- *460 elusion that respondent violated the Rules of Professional Conduct as charged. In both the Ceasor and Magee matters, respondent failed to communicate with his clients and neglected their legal matters. In the Magee matter, he settledhis client’s lawsuit without her consent or knowledge. Additionally, respondent failed to cooperate in the ODC’s investigation into these matters.
Having found professional misconduct, the sole issue presented for our consideration is the appropriate sanction. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent violated duties owed to his clients and as a professional. Although most of his misconduct appears to be a result of negligence, his decision to settle his client’s suit in the Magee matter was at least knowing and most likely intentional misconduct. In all events, his actions caused actual and substantial harm to his clients.
| sSeveral aggravating factors are present, including prior disciplinary offenses, a pattern of misconduct, and bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency. As a mitigating factor, we recognize respondent’s relative inexperience in the practice of law at the time most of the misconduct occurred.
As the board observed, the applicable ABA Standard supports a range of discipline from suspension to disbarment for the misconduct at issue in this case. Typically, this court has imposed suspensions of one year and one day for similar misconduct, on the theory that such a suspension will necessitate an application for reinstatement and require the attorney to demonstrate he or she has taken steps to address his or her ethical lapse. See, e.g., In re: Dunn, 02-2165 (La.11/8/02), 831 So.2d 889 (lawyer suspended for one year and one day for neglecting two legal matters, failing to communicate with three clients, failing to promptly refund unearned fees, and failing to cooperate with the ODC), and In re: Smith, 00-2627 (La.11/27/00), 775 So.2d 1 (lawyer suspended for one year and one day for neglecting two legal matters, failing to communicate with his clients, failing to refund unearned fees, attempting to practice while ineligible to do so, and failing to cooperate with the ODC).
Considering that respondent’s conduct was largely negligent and occurred during a time when he was relatively inexperienced in the practice of law, a harsher sanction is not warranted in this case. We conclude that a one year and one day suspension will serve the dual function of protecting the public and deterring future misconduct by respondent. See In re: Blanson, 01-3048 (La.2/22/02), 809 So,2d 126. Accordingly, we will accept the disciplinary board’s recommendation and suspend respondent from the practice of law for one year and one day.
|9DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Clayton Paul Schnyder, Louisiana Bar Roll number *461 24212, be and he hereby is suspended from the practice of law for a period of one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The committee referenced Rule 1.2(b), which appears to be a typographical error as a violation of Rule 1.2(a) was alleged.

. Respondent's prior discipline consists of a 2000 admonition for failing to supervise his non-lawyer employee and a 2002 admonition for failing to communicate with a client and failing to expedite litigation.

. See In re: Turnage, 01-1240 (La.6/22/01), 790 So.2d 620 (one year and one day suspension imposed on attorney who failed to communicate with clients, failed to pursue their personal injury case with diligence, failed to return files and funds upon termination of representation, and failed to cooperate in disciplinary investigation); In re: Bergeron, DO-1386 (La.9/15/00), 768 So.2d 595 (one year and one day suspension imposed on an attorney who knowingly and intentionally neglected his client's case, failed to communicate with client, failed to return his client’s file, and failed to cooperate with ODC); and In re: Blanson, 01-3048 (La.2/22/02), 809 So.2d 126 (one year and one day suspension imposed on an attorney who neglected his client’s legal matter and failed to cooperate with the ODC).