PER CURIAM.
_JjThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Mark J. Armato, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS

The Griffin Matter

In August 1996, Allen Griffin retained respondent to represent him in a criminal matter in which he was charged with DWI and related traffic offenses. Mr. Griffin paid respondent $2,500. In October 1996, Mr. Griffin appeared in court for trial; however, respondent could not appear because of a schedule conflict. Respondent informed Mr. Griffin that he would request a continuance of the trial date. In turn, Mr. Griffin advised respondent of his frequent work-related overseas travel and provided respondent with his work sched *652 ule so that a new trial date could be requested.
When Mr. Griffin last spoke with respondent, respondent informed him that he had made six court appearances, at which Mr. Griffin failed to appear. However, respondent never advised Mr. Griffin of any further court appearances and failed to keep him advised of the status of the case. As a result, in June 2003, Mr. Griffin terminated respondent’s representation and requested an accounting. Respondent failed to respond to Mr. Griffin’s letter and phone calls and never provided an ^accounting of the $2,500 paid by Mr. Griffin. Respondent also failed to fully cooperate with the ODC in its investigation of the disciplinary complaint filed by Mr. Griffin.

The Couvillion Matter

In March 2002, Albert Couvillion retained respondent to represent him in a personal injury case. Mr. Couvillion also paid respondent $1,200 to represent him in a criminal matter in which he was charged with DWI and related traffic offenses. Thereafter, Mr. Couvillion attempted to contact respondent many times, but to no avail. After several months, Mr. Couvil-lion finally spoke to respondent, who stated that he was moving to Tennessee. Respondent then failed to appear in court on Mr. Couvillion’s behalf in February 2003. Eventually, Mr. Couvillion found another attorney to handle his legal matters and terminated respondent’s representation. Respondent also failed to fully cooperate with the ODC in its investigation of the disciplinary complaint filed by Mr. Couvil-lion.
DISCIPLINARY PROCEEDINGS
On March 17, 2005, the ODC filed two counts of formal charges against respondent, alleging his conduct violated the following Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.16(d) (obligations upon termination of the representation), and 8.1(c) (failure to cooperate with the ODC in its investigation).
Respondent was served with the formal charges via certified mail delivered on May 17, 2005. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and | ^proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

After reviewing the ODC’s deemed admitted submission, the hearing committee made the following factual findings:
In the Griffin matter, Mr. Griffin paid respondent $2,500 to represent him in a DWI matter. Respondent failed to appear in court for Mr. Griffin. Respondent also failed to promptly notify Mr. Griffin of court dates. Mr. Griffin properly terminated the attorney-client relationship with respondent. Respondent failed to promptly respond to Mr. Griffin’s letters and phone calls. Respondent also failed to provide Mr. Griffin with an accounting. Respondent did not earn the $2,500 “flat fee” for handling the DWI charge since he did not complete the representation and Mr. Griffin hired new counsel.
In the Couvillion matter, Mr. Couvillion paid respondent $1,200 to represent him in a DWI matter. He also hired respondent in March 2002 to represent him in a per *653 sonal injury case. Mr. Couvillion tried to contact respondent. Respondent failed to appear in court for Mr. Couvillion in February 2003. Respondent also failed to provide Mr. Couvillion with an accounting. He did not earn the $1,200 “flat fee” for handling the DWI charge since he did not complete the representation and Mr. Cou-villion hired new counsel.
Based on these factual findings, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. The | ¿committee also determined that respondent knowingly and intentionally violated duties owed to his clients and to the legal profession. He caused actual injury to his clients in the amount of thousands of dollars. According to the ABA’s Standards for Imposing Lawyer Sanctions, the baseline sanction is a period of suspension.
In aggravation, the committee found multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law (admitted 1986), and indifference to making restitution. The committee found no mitigating factors.
Turning to the issue of an appropriate sanction, the committee noted that this court has imposed one year and one day suspensions for misconduct similar to respondent’s. See, e.g., In re: Vaughan, 00-1892 (La.10/27/00), 772 So.2d 87; In re: Powers, 98-2826 (La.1/29/99), 731 So.2d 185; and In re: Kendrick, 98-0623 (La.4/3/98), 710 So.2d 236.
Based on this reasoning, the committee recommended that respondent be suspended from the practice of law for one year and one day. The committee also recommended that respondent make restitution of any unearned fees to his clients. Finally, the committee recommended that respondent be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board determined that the deemed admitted facts are not manifestly erroneous and adopted same. The board also | .-.determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board found that respondent knowingly and intentionally violated duties owed to his clients, the legal profession, and the disciplinary system. The baseline sanction for similar misconduct is a one year and one day suspension. See In re: Wyatt, 02-0053 (La.4/12/02), 814 So.2d 1265.
The aggravating factors found by the board are multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law, and indifference to making restitution. Like the committee, the board found no mitigating factors.
Noting that one year and one day suspensions are consistently imposed in cases in which neglect is combined with a failure to cooperate with the ODC in its investigation, the board recommended that respondent be suspended from the practice of law for one year and one day and that he be ordered to provide his clients with account-ings and a refund of any unearned fees. The board also recommended that respondent be assessed with all costs associated with these proceedings.
*654 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992).
|fiIn cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
In this matter, the record supports a finding that respondent neglected two legal matters, failed to communicate with his clients, failed to protect his clients’ interests upon termination of the representation, and failed to cooperate with the ODC in its investigation.
Having found professional misconduct, the sole remaining issue presented for our consideration is the appropriate sanction for respondent’s misconduct. In imposing a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
We find that respondent knowingly, if not intentionally, violated duties owed to his clients, the legal profession, and the legal system. His actions caused actual harm to his clients. The baseline sanction for this type of misconduct is a period of 17suspension. The aggravating factors present are a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law, and indifference to making restitution. The sole mitigating factor is the absence of a prior disciplinary record.
In In re: Schnyder, 05-1463 (La.1/13/06), 918 So.2d 455, we suspended a lawyer for one year and one day for neglecting the legal matters of two clients, failing to communicate with those clients, and failing to cooperate with the ODC in its investigation. We find a similar sanction is appropriate in the instant case. Accordingly, we will accept the disciplinary board’s recommendation and suspend respondent from the practice of law for one year and one day.
*655 DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Mark J. Armato, Louisiana Bar Roll number 17445, be suspended from the practice of law in Louisiana for a period of one year and one day. It is further ordered that respondent render an accounting to his clients and make restitution of any unearned fees. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.