*927
 
 | ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Joanne S. Engum, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.
 
 [1]
 

 UNDERLYING FACTS
 

 Count I
 
 — The
 
 Stokes/Crockett Matter
 

 In March 2003, Lois Stokes and Michael Crockett hired respondent to represent Mr. Crockett in a criminal matter. They paid respondent $1,500, with the understanding that they would pay an additional $500 when Mr. Crockett was released from jail.
 

 Respondent properly handled the representation until May 2003, when she began a new job as an assistant district attorney for the Orleans Parish District Attorney’s Office, which required her to relocate from Baton Rouge to New Orleans. Respondent relocated without properly notifying her client and without providing an accounting or refund of unearned fees.
 

 |2In July 2003, Ms. Stokes filed a complaint against respondent with the ODC. Respondent failed to fully cooperate with the ODC in its investigation, necessitating the issuance of a subpoena to obtain her sworn statement. During her April 27, 2004 sworn statement, respondent indicated that she planned to provide Ms. Stokes with an accounting and refund of unearned fees by April 29, 2004. Respondent did not provide the $1,500 refund to Ms. Stokes until August 2004.
 

 The ODC alleged that respondent’s conduct violated Rules 1.4 (failure to communicate with a client), 1.5 (fee arrangements — failure to account for or refund an
 
 *928
 
 unearned fee), 1.16(d) (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(a) (violation of the Rules of Professional Conduct) of the Rules of Professional Conduct.
 

 Count II
 
 — The
 
 Simmons/King Matter
 

 In early 2002, Cynthia Simmons hired respondent to represent her in a sexual harassment and wrongful termination claim against her former employer. Respondent neglected the matter and failed to communicate with Ms. Simmons regarding the status of her case.
 
 [2]
 

 In April 2002, Andrew King hired respondent to represent him in a criminal matter. Ms. Simmons and Mr. King reportedly paid respondent $1,500 towards her $2,500 flat fee at that time, and the remaining balance, $1,000, in June 2002.
 

 Respondent neglected Mr. King’s criminal case and failed to attend his November 2002 parole hearing.
 
 [3]
 
 She also failed to communicate with Mr. King, ^especially regarding the fact that she could no longer represent him once she accepted a position as an assistant district attorney.
 

 Respondent failed to account for or refund the unearned fee. Respondent only acknowledges receipt of the $1,000 payment, and she maintains that she refunded that amount prior to starting her job with the Orleans Parish District Attorney’s Office in May 2003. Ms. Simmons denied receiving a refund from respondent, and respondent did not provide evidence of the refund.
 

 In July 2004, Ms. Simmons and Mr. King filed a complaint against respondent with the ODC. Respondent failed to fully cooperate with the ODC in its investigation.
 

 The ODC alleged that respondent’s conduct violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4, 1.5, 1.16(d), 8.1(c) and 8.4(a) of the Rules of Professional Conduct.
 

 Count III
 
 — The
 
 Soo Matter
 

 In August 2001, David Low Keng Soo hired respondent to represent him in a claim against Guarantee System Construction & Restoration, Inc. (“Guarantee”), paying her $400 towards the retainer. In November 2001, Guarantee filed suit against Mr. Soo in the 19th Judicial District Court for the Parish of East Baton Rouge. In December 2001, respondent filed an answer and reconventional demand on behalf of Mr. Soo and his co-defendant.
 

 In May 2003, respondent began a new job as an assistant district attorney for the Orleans Parish District Attorney’s Office. Nonetheless, she continued to represent Mr. Soo in the Guarantee litigation.
 

 |4In July 2003, Guarantee filed a motion for summary judgment. Respondent traveled to Baton Rouge from New Orleans to attend the summary judgment hearing set for November 10, 2003. Mr. Soo paid respondent an additional $500 in attorney’s fees in connection with the hearing, plus $163.85 to cover her lodging while in Baton Rouge. However, because Guarantee had never filed an answer to the reconventional demand, the hearing was reset for December 8, 2003.
 

 
 *929
 
 Thereafter, Guarantee filed its answer to the reconventional demand and noticed the deposition of Mr. Soo for December 1, 2003. Respondent was properly notified of the deposition but failed to notify Mr. Soo. Neither respondent nor Mr. Soo appeared for the deposition.
 

 On December 4, 2003, respondent filed a memorandum in opposition to Guarantee’s motion for summary judgment. However, respondent failed to appear at the summary judgment hearing due to a medical emergency. She faxed a letter to the presiding judge to advise of her medical condition; however, she failed to obtain a continuance of the hearing or associate counsel to appear in her absence. The hearing went forward, and judgment was granted against Mr. Soo. Respondent discussed with Mr. Soo his option to appeal the judgment; however, respondent ultimately did not file an appeal.
 

 In November 2004, Mr. Soo filed a complaint against respondent with the ODC. Respondent failed to fully cooperate with the ODC in its investigation.
 

 The ODC alleged that respondent’s conduct violated Rules 1.1 (failure to provide competent representation to a client), 1.3, 1.4, 8.1(c), 8.4(a), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.
 

 1 .DISCIPLINARY PROCEEDINGS
 

 In November 2006, the ODC filed three counts of formal charges against respondent as set forth above. Respondent initially failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). Thereafter, respondent filed a motion to recall the deemed admitted order, which the hearing committee chair granted. Respondent subsequently filed a pleading captioned “Motion for Out of Time Written Arguments and Evidence on the Issue of Sanctions,” in which she denied the charges against her.
 
 [4]
 
 Accordingly, the matter proceeded to a formal hearing on the merits. Respondent did not appear at the hearing, nor was counsel present to represent her.
 

 Hearing Committee Report
 

 After considering the testimony and evidence presented at the hearing, the hearing committee determined that the testimony of the witnesses corroborated, in detail, the allegations in the formal charges. Accordingly, the committee found that respondent violated Rules 1.3, 1.4, 1.5, 1.16(d), 8.1(c), and 8.4(d) of the Rules of Professional Conduct.
 

 The committee determined that respondent acted knowingly and caused injury to her clients and the disciplinary system. Based on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined that suspension is the baseline sanction.
 

 |fiThe committee found the aggravating factors of multiple offenses, refusal to acknowledge the wrongful nature of the conduct, and vulnerability of the victims. In mitigation, the committee found the following factors: absence of a prior disciplinary
 
 *930
 
 record, personal problems (respondent moved to a new city to begin a new job shortly before becoming a single parent and reportedly experienced health and financial problems), and inexperience in the practice of law (admitted 1999).
 

 Under these circumstances, the committee recommended that respondent be suspended from the practice of law for one year and one day.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board found that the hearing committee’s factual findings do not appear to be manifestly erroneous. The board also found that the record supports the facts alleged in the formal charges. Based on those facts, the board determined that respondent violated the Rules of Professional Conduct as charged in the Stokes/Crockett matter and the Simmons/King matter. However, in the Soo matter, the board determined that respondent only violated Rules 1.3, 1.4, and 8.1(c) of the Rules of Professional Conduct.
 
 [5]
 

 |7The board determined that respondent knowingly violated duties owed to her clients and the legal profession. She caused actual harm to Ms. Stokes and Ms. Simmons and potential harm to Mr. Soo. Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined that suspension is the baseline sanction. The board agreed with the aggravating and mitigating factors found by the committee, except that the board declined to adopt the mitigating factor of inexperience in the practice of law. Notwithstanding that respondent had been admitted to the bar for less than five years at the time of the misconduct, the board reasoned that she had been
 
 in
 
 practice long enough that she should have understood her obligations with respect to the rules that were violated (for example, failure to return a clearly unearned fee).
 

 After considering this court’s prior jurisprudence involving similar misconduct, the board recommended that respondent be suspended from the practice of law for one year and one day. The board also recommended that respondent pay restitution to Ms. Simmons.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.l1/30/94), 646 So.2d 343;
 
 Louisiana State Bar Ass’n v.
 
 
 *931
 

 Boutall,
 
 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the | shearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 See In re: Caulfield,
 
 96-1401 (La.11/25/96), 683 So.2d 714;
 
 In re: Pardue,
 
 93-2865 (La.3/11/94), 633 So.2d 150.
 

 The record of this matter supports a finding that respondent neglected legal matters, failed to communicate with her clients, failed to timely account for or refund unearned fees, and failed to fully cooperate with the ODC in its investigations. Accordingly, the record supports a finding that respondent violated Rules 1.3, 1.4, 1.5, 1.16(d), 8.1(c), and 8.4(a) of the Rules of Professional Conduct.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 In acting as she did, respondent knowingly violated duties owed to her clients and the legal profession. She caused harm to her clients, as well as to the disciplinary system. The baseline sanction for this type of misconduct is a period of suspension.
 

 Aggravating factors include multiple offenses, refusal to acknowledge the wrongful nature of the conduct, and vulnerability of the victims. Mitigating factors present are the absence of a prior disciplinary record and personal problems.
 

 In
 
 In re: Armato,
 
 07-0500 (La.6/1/07), 958 So.2d 650, we suspended an attorney for one year and one day for neglecting two legal matters, failing to | pcommunicate with his clients, failing to protect his clients’ interests upon termination of the representation, and failing to cooperate with the ODC in its investigation. We find that a similar sanction is appropriate in the instant matter.
 

 Accordingly, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for one year and one day. We also order respondent to pay restitution to Ms. Simmons.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Joanne S. En-gum, Louisiana Bar Roll number 26024, be and she hereby is suspended from the practice of law for a period of one year and one day. It is further ordered that respondent pay restitution to Cynthia Simmons. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice
 
 Pro Tem-pore,
 
 participating in the decision.
 

 [1]
 

 . Respondent has been ineligible to practice law in Louisiana since September 29, 2007 for failure to comply with the mandatory continuing legal education requirements. She is also ineligible for failure to pay her bar dues and the disciplinary assessment.
 

 [2]
 

 . At some point, respondent apparently decided that she would not handle Ms. Simmons’ case, but she did not notify Ms. Simmons of that fact.
 

 [3]
 

 . Respondent claimed her clients advised her that it was not necessary for her to attend the hearing because they were confident Mr. King would be granted parole. However, his parole was ultimately denied.
 

 [4]
 

 . Because respondent's pleading was not captioned as an answer to the formal charges, the factual allegations were again deemed admitted and proven by clear and convincing evidence and no formal hearing was held. The hearing committee then filed its report recommending respondent be suspended from the practice of law for one year. The disciplinary board, however, vacated the deemed admitted order and remanded the matter for a formal hearing on the merits.
 

 [5]
 

 . As to the remaining charges alleged, the board agreed that respondent did not violate Rule 1.1 because there was no evidence that her conduct rose to the level of incompetence, although it clearly demonstrated a lack of diligence and communication. The ODC also alleged that respondent engaged in dishonest and deceitful conduct, in violation of Rule 8.4(c), by misleading Mr. Soo into thinking that she would file an appeal of the adverse summary judgment ruling. However, the board found there was not clear and convincing evidence in the record that respondent ever agreed to pursue an appeal on Mr. Soo's behalf. Finally, as to the alleged violation of Rule 8.4(d), the board determined that respondent's failure to appear for the summary judgment hearing or to secure substitute counsel did not rise to the level of conduct prejudicial to the administration of justice because she informed her clients and the judge about her medical emergency prior to the hearing.