*885
 
 1,ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Kenneth A. Back, an attorney li
 
 *886
 
 censed to practice law in Louisiana, but currently ineligible to practice.
 
 [1]
 

 FORMAL CHARGES
 

 Count I
 
 — The
 
 Bourque Matter
 

 In February 2003, Darrel and Carolyn Bourque hired respondent to handle the succession of Darrel’s father.
 
 [2]
 
 Shortly thereafter, the Bourques hired respondent to handle the succession of Darrel’s stepmother.
 
 [3]
 
 Darrel was executor of both estates.
 

 Respondent repeatedly failed to communicate with Darrel. He also failed to provide the opposing counsel with discovery responses and failed to arrange for real estate appraisals. Consequently, the real estate was sold below market value, and Darrel was sued on a lesion claim. Respondent informed the Bourques he would 12represent them in the lesion claim but never performed any work on the matter. Ultimately, the Bourques had to hire another attorney to represent Darrel.
 

 In July 2007, Carolyn filed a disciplinary complaint against respondent, who failed to respond to the complaint in writing. Accordingly, the ODC issued a subpoena to obtain his sworn statement. During the December 2007 sworn statement, respondent admitted he did not diligently handle the successions. He did, however, obtain a judgment of possession in the first succession. He also admitted he failed to communicate with Darrel. The ODC requested that respondent provide it with written documentation regarding the status of the second succession. Respondent failed to provide the documentation, despite numerous requests to do so.
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4(a) (failure to communicate with a client), and 8.1(c) (failure to cooperate with the ODC in its investigation).
 

 Count II
 
 — The
 
 Benoit Matter
 

 In 2005, Steven Benoit hired respondent to represent him in an ongoing defamation lawsuit, paying him a $1,500 deposit. The defendant filed a motion for summary judgment, but respondent failed to file a response to the motion. However, he did appear for the hearing on the motion. After the court granted the defendant’s motion for summary judgment, respondent failed to inform Mr. Benoit of the summary judgment and failed to appeal the judgment on Mr. Benoit’s behalf. Mr. Be-noit made numerous attempts to contact respondent during the representation, but respondent failed to return his phone calls.
 

 lain September 2007, Mr. Benoit filed a disciplinary complaint against respondent, who failed to respond to the complaint in writing. Accordingly, the ODC issued a subpoena to obtain his sworn statement. During the December 2007 sworn statement, respondent admitted he did not inform Mr. Benoit of the status of his case. The ODC requested that respondent provide it with a copy of the summary judgment hearing transcript, a complete accounting of his time spent on the matter,
 
 *887
 
 and a copy of any correspondence to Mr. Benoit. Respondent failed to provide the documentation, despite numerous requests to do so.
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4(a), and 8.1(c).
 

 DISCIPLINARY PROCEEDINGS
 

 In October 2008, the ODC filed two counts of formal charges against respondent. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee made numerous factual findings, including the following:
 

 146. In a December 13, 2007 sworn statement, respondent admitted he did not diligently handle the successions in the Bourque matter and failed to communicate with the executor.
 

 8. In a December 13, 2007 sworn statement, respondent admitted he had not informed Mr. Benoit of the status of his case.
 

 18. The clear and convincing evidence establishes respondent knowingly and intentionally violated Rules 1.3, 1.4(a), and 8.1(c) of the Rules of Professional Conduct.
 

 19. In sum, the committee found clear and convincing evidence to establish respondent has knowingly, intentionally, and repeatedly violated the Rules of Professional Conduct, as alleged in the formal charges.
 

 Based on these findings, the committee determined respondent neglected legal matters, failed to communicate with his clients, and failed to cooperate with the ODC in its investigation of the complaints filed against him. Respondent knowingly and intentionally violated duties owed to his clients, the legal system, and the legal profession. He caused harm to his clients, the ODC, and others. After examining the ABA’s
 
 Standards for Imposing Latuyer Sanctions,
 
 the committee determined the baseline sanction is suspension.
 

 The committee found the following aggravating factors present: a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victim, and substantial experience in the practice of law (admitted 1985). In mitigation, the committee found that respondent has no prior disciplinary record.
 

 | ñAfter also considering this court’s prior jurisprudence involving similar misconduct, the committee recommended respondent be suspended from the practice of law for one year and one day.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board determined the hearing committee’s factual findings are supported by the factual allegations in the formal charges, which are deemed admitted, and/or by the documentary evidence submitted by the ODC in support of those allegations. The board also found the factual allegations have
 
 *888
 
 been deemed admitted and proven by clear and convincing evidence. The board determined the committee correctly concluded that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 The board further determined respondent violated duties owed to his clients, the legal system, and the legal profession. His conduct was negligent and knowing. He caused substantial and potentially seri: ous harm'. The board agreed with the committee that the baseline sanction is suspension. The board also adopted the aggravating and mitigating factors found by the committee.
 

 After also considering this court’s prior jurisprudence involving similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day. The board further recommended respondent be ordered to make restitution in the Bourque matter.
 

 One board member dissented in part and would recommend an eighteen-month suspension “for the serious misconduct [respondent] committed in the handling of his |ficlients’ cases, and for the serious failure to cooperate with ODC in the investigation of two matters.”
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57.
 

 In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations.
 
 In re: Donnan,
 
 01-3058 (La.1/10/03), 838 So.2d 715.
 

 The record of this deemed admitted matter indicates respondent neglected three legal matters, failed to communicate with two clients, and failed to cooperate with the ODC in its investigations. Based on these facts, it is clear respondent has violated the Rules of Professional Conduct as charged.
 

 |7Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 Respondent knowingly violated duties owed to his clients, the legal system, and
 
 *889
 
 the legal profession. His actions caused actual harm to his clients, and his failure to cooperate caused harm to the disciplinary system. The ABA’s
 
 Standards for Imposing Lawyer Sanctions
 
 establish suspension as the baseline sanction for such misconduct.
 

 Aggravating factors present include a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victim, and substantial experience in the practice of law. The sole mitigating factor present is the absence of a prior disciplinary record.
 

 Turning to the issue of an appropriate sanction, we find the jurisprudence supports a suspension from the practice of law for one year and one day in cases involving similar misconduct. For example, in
 
 In re: Engum,
 
 09-1619 (La.10/28/09), 21 So.3d 926, an attorney neglected legal matters, failed to communicate with clients, failed to timely account for or refund unearned fees, and failed to fully cooperate with the ODC in its investigations. For this misconduct, we suspended the | ^attorney from the practice of law for one year and one day. The disciplinary board’s recommendation in the instant case is consistent with our holding in
 
 Engum.
 

 Accordingly, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for one year and one day, thereby necessitating he make a formal application for reinstatement at the conclusion of his suspension. Additionally, we will order respondent to make restitution to the Bo-urques.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Kenneth A. Back, Louisiana Bar Roll number 16796, be and he hereby is suspended from the practice of law for one year and one day. It is further ordered that respondent make restitution to Darrel and Carolyn Bourque. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 .Respondent has been ineligible to practice law since July 2008 for failing to comply with mandatory continuing legal education requirements. He is also ineligible for failing to pay bar dues and the disciplinary assessment, and for failing to file his trust account disclosure form.
 

 [2]
 

 . According to the disciplinary complaint, respondent charged a total of $8,000 to handle the succession of Darrel’s father.
 

 [3]
 

 . According to the disciplinary complaint, respondent charged a total of $1,800 to handle the succession of Darrel's stepmother.