*778
 
 ON APPLICATION FOR REINSTATEMENT
 

 PER CURIAM.
 
 *
 

 | t This proceeding arises out of an application for reinstatement filed by petitioner, Clayton Paul Schnyder, Jr., an attorney who is currently suspended from the practice of law in Louisiana.
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 In
 
 In re: Schnyder,
 
 05-1463 (La.1/13/06), 918 So.2d 455, we suspended petitioner from the practice of law for one year and one day for his misconduct in handling the legal matters of two clients. In both instances, petitioner failed to communicate with his clients and neglected their cases. Additionally, petitioner settled a lawsuit without the knowledge or consent of his client, and failed to cooperate with the Office of Disciplinary Counsel (“ODC”) in its investigation. In determining that a one year and one day suspension was the appropriate sanction for this misconduct, we observed that petitioner’s “conduct was largely negligent and occurred during a time when he was relatively inexperienced in the practice of law.”
 

 After serving his suspension, petitioner filed an application for reinstatement with the disciplinary board, alleging he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The ODC initially indicated |2it would take no position concerning petitioner’s reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
 

 At the hearing, petitioner’s counsel, Donald F. deBoisblanc, advised the committee that he and petitioner had agreed to a proposed plan for improving petitioner’s law practice upon reinstatement. Pursuant to the agreement, petitioner will maintain an office in Mr. deBoisblanc’s law firm, and Mr. deBoisblanc will mentor and assist petitioner with his administrative practices in an effort to improve client communications and case management skills, as well as his professional compliance.
 

 After considering the evidence presented, the hearing committee recommended that petitioner be reinstated to the practice of law. The disciplinary board agreed that petitioner has satisfied the requirements for reinstatement by clear and convincing evidence. However, due to petitioner’s lack of experience in law office management, the board recommended his reinstatement be conditioned upon compliance with a practice plan proposed by petitioner and his counsel for a period of at least one year. The ODC did not object to the board’s recommendation.
 

 DISCUSSION
 

 Petitioner has served the suspension imposed by this court in 2006, and no objections were received to his application for reinstatement. Petitioner has met his burden of proving that he is entitled to be reinstated to the practice of law. Nevertheless, we find further precautions are warranted to insure that the public will be protected upon petitioner’s return to practice. See Supreme Court Rule XIX, § 24(J). Accordingly, we will order that petitioner be conditionally reinstated, subject to a one-year period of supervised probation which incorporates the proposed practice plan. Should petitioner fail to comply with these conditions, |sor should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately or
 
 *779
 
 he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate.
 

 DECREE
 

 Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Clayton Paul Schnyder, Jr., Louisiana Bar Roll number 24212, be immediately reinstated to the practice of law in Louisiana, subject to a one-year period of supervised probation which incorporates the proposed practice plan. Should petitioner fail to comply with these conditions, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate.
 

 *
 

 Chief Justice Kimball not participating in the opinion.