*704
 
 ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 |! This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Joanne S. Engum, an attorney licensed to practice law in Louisiana, but currently suspended from practice.
 

 PRIOR DISCIPLINARY HISTORY
 

 Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1999. In 2009, this court considered a proceeding involving three counts of formal charges against respondent for misconduct which occurred between 2001 and 2004. These charges alleged that respondent neglected legal matters, failed to communicate with clients, failed to timely account for or refund unearned fees, and failed to fully cooperate with the ODC in its investigations. After considering the record, the court suspended respondent from the practice of law for one year and one day.
 
 In re: Engum,
 
 09-1619 (La.10/28/09), 21 So.3d 926 (hereinafter referred to as
 
 “En-gum I”).
 
 Respondent has not yet filed an application for reinstatement from
 
 En-gum I.
 
 Accordingly, she remains suspended from the practice of law.
 

 | ¡.Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
 

 
 *705
 
 FORMAL CHARGES
 

 In 1995, Rhonda Alston pled guilty to felony theft and was sentenced to probation. In April 2002, Rhonda was arrested on charges of forgery, bank fraud, theft, and issuing worthless checks. In May 2002, Rhonda’s mother, Janis Alston, hired respondent to handle the 2002 criminal charges and to have the 1995 conviction expunged. Respondent charged a flat fee of $3,000 for the representation, which sum Janis paid by taking out a loan with a finance company.
 

 Thereafter, respondent failed to communicate with Rhonda about the status of the matters or the means by which she would handle them. Respondent also failed to return Rhonda’s telephone calls and relocated her office several times without notifying Rhonda.
 

 In June 2005, Rhonda sent respondent a certified letter requesting an update on her case. Although the letter was accepted, respondent failed to reply. In August 2005, Rhonda successfully located respondent, who had taken a job with the Orleans Parish District Attorney’s Office. At that time, respondent told Rhonda she would have someone else handle the case. Respondent also advised she would call Rhonda back with an update. This was the last communication Rhonda had with respondent, and the present status of the criminal matters is unclear.
 
 [1]
 

 |sIn February 2010, Rhonda filed a complaint against respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
 

 DISCIPLINARY PROCEEDINGS
 

 In July 2010, the ODC filed one count of formal charges against respondent, alleging that her conduct as set forth above violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(5) (failure to refund an unearned fee), 1.16(d) (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(a) (violation of the Rules of Professional Conduct) of the Rules of Professional Conduct.
 

 Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee determined the factual allegations of the formal charges were admitted and proven by clear and convincing evidence, and that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 The committee found respondent knowingly violated duties owed to her client and the legal profession, causing harm. As a result of respondent’s failure to |4cooperate with the ODC’s investigation, neither the client nor the ODC is able to determine the true disposition of the 2002 criminal charges. The committee further determined that under the ABA’s
 
 Standards for
 
 
 *706
 

 Imposing Lawyer Sanctions,
 
 the applicable baseline sanction is suspension.
 

 The committee found the following aggravating factors are present: multiple offenses, a pattern of misconduct, and indifference to making restitution. The committee made no findings regarding mitigating factors.
 

 Turning to the issue of an appropriate sanction, the committee determined that
 
 Louisiana State Bar Ass’n v. Chatelain,
 
 573 So.2d 470 (La.1991), is applicable to the facts of this matter.
 
 [2]
 
 The committee reasoned that the misconduct for which respondent was previously suspended in
 
 Engum I
 
 occurred during the same time frame and is the same type of misconduct that occurred in the instant matter. Accordingly, the committee determined that this matter should be considered in conjunction with the misconduct that was the subject of
 
 Engum I
 
 in the event respondent applies for reinstatement.
 

 Neither respondent nor the ODC filed an objection to the committee’s report.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board determined the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. The board also found respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 | sThe board adopted the committee’s findings with respect to duties violated, respondent’s mental state, the harm caused, and the applicable baseline sanction. The board agreed with the aggravating factors found by the committee, and in mitigation, recognized a delay in these disciplinary proceedings.
 

 The board also adopted the committee’s approach with regard to the recommended sanction, finding the committee correctly concluded that under
 
 Chatelain,
 
 the one year and one day suspension imposed in
 
 Engum I
 
 appropriately addresses the substantive misconduct in the instant matter. However, the board noted that respondent’s failure to cooperate with the ODC occurred in 2010, after the court issued its order in
 
 Engum I.
 
 Finding that this violation is not subject to the
 
 Chatelain
 
 analysis because it did not occur during the same period as the misconduct in
 
 Engum I,
 
 the board recommended the court impose an additional suspension of six months, to run consecutively to the suspension imposed in
 
 Engum I,
 
 for respondent’s failure to cooperate. The board also recommended that respondent pay restitution.
 

 Neither respondent nor the ODC filed an objection to the board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57.
 

 In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX,
 
 *707
 
 § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual | ^allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations.
 
 In re: Donnan,
 
 01-3058 (La.1/10/03), 838 So.2d 715.
 

 The deemed admitted facts indicate that respondent neglected a client matter, failed to communicate with her client, failed to timely account for or refund unearned fees, and failed to cooperate with the ODC in its investigation. Accordingly, the record supports a finding that respondent violated Rules 1.3, 1.4, 1.5(f)(5), 1.16(d), 8.1(c), and 8.4(a) of the Rules of Professional Conduct.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 In acting as she did, respondent knowingly violated duties owed to her client and the legal profession. She caused harm to her client, as well as to the disciplinary system. The baseline sanction for this type of misconduct is a period of suspension.
 

 The aggravating and mitigating factors found by the disciplinary board are supported by the record.
 

 | /Turning to the issue of an appropriate sanction, we note the substantive misconduct in
 
 Engum I
 
 occurred between 2001 and 2004, the same general time period in which the substantive misconduct in the present matter occurred. Based on our decision in
 
 Chatelain,
 
 the substantive misconduct in the instant matter should be considered along with the misconduct in
 
 Engum I
 
 if and when respondent files an application for reinstatement. Therefore, no additional discipline is necessary for this misconduct.
 

 However, the failure to cooperate charge requires a different analysis, as this misconduct occurred outside of the
 
 Engum I
 
 time frame. Respondent’s failure to cooperate commenced in February 2010, four months after we rendered our judgment in
 
 Engum I.
 
 Under the circumstances, additional discipline is appropriate for these charges.
 
 See In re: Boudreau,
 
 03-1890 (La.12/3/03), 860 So.2d 1119.
 
 [3]
 

 Accordingly, we will adopt the disciplinary board’s recommendation and add respondent’s substantive misconduct to her record for consideration in the event she applies for reinstatement from her suspen
 
 *708
 
 sion in
 
 Engum I.
 
 For her failure to cooperate with the ODC in its investigation of the complaint filed by Ms. Alston, we will suspend respondent from the practice of law for six months, to run consecutively to her prior suspension. Finally, we will order respondent to make restitution of any unearned fees paid on behalf of Rhonda Alston.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that for her IsSubstantive misconduct in the Alston matter, respondent, Joanne S. Engum, Louisiana Bar Roll number 26024, be and she hereby is adjudged guilty of additional violations warranting discipline. These violations shall be added to her record for consideration in the event she seeks reinstatement from the suspension imposed in
 
 In re: Engum,
 
 09-1619 (La.10/28/09), 21 So.3d 926. It is further ordered that for her failure to cooperate in a disciplinary investigation, respondent shall be suspended from the practice of law for a period of six months. This suspension shall ran consecutively to the suspension imposed in
 
 In re: Engum,
 
 09-1619 (La.10/28/09), 21 So.3d 926. It is finally ordered that respondent shall make restitution of any unearned fees paid on behalf of Rhonda Alston. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . The only available information regarding the 2002 charges pertains to the warrant for Rhonda’s arrest and information regarding her bond. Furthermore, it does not appear from court records that Rhonda’s 1995 conviction has been expunged.
 

 [2]
 

 . In
 
 Chatelain,
 
 this court observed that when a second attorney disciplinary proceeding involves conduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously.
 

 [3]
 

 . In
 
 Boudreau,
 
 we considered a case wherein an attorney’s substantive misconduct occurred in the same general time frame as the attorney’s previous misconduct, but the failure to cooperate with the ODC occurred after the attorney was disciplined. Although we applied a
 
 Chatelain
 
 analysis to the substantive misconduct, we imposed a separate six-month suspension for the failure to cooperate charge.